## Pennsylvania National Mutual Casualty Insurance Company v. Love

*Daniel J. Ryan*, for petitioner.
*Gary R. Block*, for respondent.

WAJERT, *J.*, March 22, 1978—The amended petition filed on behalf of Pennsylvania Mutual Casualty Company sought an order:

"WHEREFORE, your Petitioner respectfully prays that this Honorable Court enter its Judgment or Decree.

"A. Determining the respective rights and liabilities of Petitioner Pennsylvania National Mutual Casualty Company and the respective rights and liabilities of Respondent William P. Love under Policy No. 100200727.

"B. Declaring that Petitioner's policy does not require it to provide Respondent William P. Love with a defense and/or indemnification in the event that claims are made or actions are commenced and judgments entered thereon against Respondent, William P. Love.

"C. Declaring that if Respondent William P. Love should become legally obligated to pay damages as a result of his intentional conduct, then Petitioner Pennsylvania National Mutual Casualty Insurance Company is not liable to indemnify said respondent.

"D. Awarding Petitioner such other and further relief as to the court may seem just and proper."

Petitioner commenced the action seeking to disclaim coverage under an insurance contract for injuries and damages arising from an accident occurring on January 13, 1974. The policy provided liability coverage to its "insureds" on a 1966 Lincoln Sedan owned by its named insured, Robert J. Love. The vehicle was operated at the time of the accident by William P. Love. That car was involved in an accident, as a result of which several persons were killed and injured. Thereafter, William P. Love was found guilty of involuntary manslaughter.

Petitioner alleged that the conduct of William P. Love was such that it specifically fell within a policy provision which provides that liability coverage does not apply: "To bodily injury or property damage caused intentionally by or at the direction of the insured."

Petitioner relies, in part, on the conviction of William P. Love. The Crimes Code of December 6, 1972, P.L. 1482, sec. 2504, 18 Pa.C.S.A. §2504, defines involuntary manslaughter as: "[W]hen as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person."

It must be noted that the word "intentional" is not used. Traditionally, involuntary manslaughter was

defined as an unintentional killing: Com. v. Smoker, 204 Pa. Superior Ct. 265, 203 A. 2d 358 (1964). The Crimes Code does not change that, but articulates that two elements are required, causation and recklessness or negligence. We cannot say that the verdict of guilty of involuntary manslaughter suffices to satisfy the proof of an "intentional" act.

Further, at the hearing, the evidence, and reasonable inferences, did not show that William P. Love intended by his act to cause the deaths and injuries. As our Supreme Court has stated: "[B]efore the insurer may validly disclaim liability, it must be shown that the insured intended by his act to produce the damage which did in fact occur. . . . There is a very real distinction between intending an act and intending a result and the policy exclusion addresses itself quite clearly to the latter": Eisenman v. Hornberger, 438 Pa. 46, 49, 264 A. 2d 673 (1970). We cannot say that petitioner proved that Love intended to cause the deaths.

Petitioner excepted to the court's considering Love's conviction. Yet in paragraph 12 of its petition it alleges, and respondents admit, the conviction. We cannot see, nor understand, why or how petitioner can contend that it was error to consider that.

Prior to trial, the sworn testimony of Robert Gordon Greenwood was taken pursuant to Pa.R.C.P. 4003(a)(2). The court did consider that. It refused to rule on certain petitions filed on behalf of some respondents. Our local rules require that such matters be considered prior to trial. Having considered it, the testimony was cumulative and did not add

sufficiently to the proof of intent. We further note that at the time of the deposition, all respondents were not parties of record and thus could not raise objections. Nor was there proof that Mr. Greenwood was not "available" at trial.

Finally, petitioner asserts that the court erred in refusing to consider the deposition of Louise B. Richard. That deposition is not a part of the record.

Accordingly we affirm our previous decree.

## DECREE

And now, March 22, 1978, petitioner's exceptions to the decree dated July 19, 1977, are dismissed.